**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brenda YANEZ–GONZALEZ, also**
**known as Brenda Gonzalez–Ya-**
**nez, Defendant–Appellant.**

**No. 03–50582.**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Brenda Yanez–Gonzalez appeals the sentence imposed following her guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Yanez–Gonzalez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. She argues that the prior conviction that resulted in her increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in her indictment. Yanez–Gonzalez maintains that she pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). She argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Yanez–Gonzalez acknowledges that her argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She seeks to preserve her argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.